THORNTON BROS. v. JOHNSON-SCHAFFER DRUG COMPANY AND ANOTHER.
TRUSTEES OF HAMLINE UNIVERSITY, RESPONDENT.[1]

November 8, 1935.

No. 30,557.

[1]Reported in 263 N. W. 108.

 

*Lohmann & Keefe* and *Allen V. Junkin,* for appellant.
*W. P. Westfall,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action was commenced by Thornton Bros. to foreclose a mechanic's lien. Summons was served on defendant Trustees of Hamline University in October, 1934. Time for answer having expired, plaintiff's attorneys called defendant's attorney and were informed that defendant had no intention of answering as no complaint was on file in the office of the clerk. Upon investigation, plaintiff's attorneys could find no complaint in the clerk's office or elsewhere. At this time the one year within which action to foreclose such lien must be brought had expired. Plaintiff, contending that the complaint had been filed at the time of the filing of summons, which latter appeared in the proper files, made a motion for leave to file a copy of the complaint *nunc pro tunc* on the theory that the original complaint had been lost or mislaid in the clerk's office. Defendant appeared specially, objected to the jurisdiction of the court, and moved that plaintiff's action be dismissed.

This is an appeal from an order (1) denying plaintiff's motion for an order permitting it to file a copy of the complaint *nunc pro tunc* and (2) dismissing the action of the plaintiff.

Only one question is raised by this appeal. Was the evidence presented by plaintiff so overwhelming that the court could reasonably reach but one conclusion, that the complaint had been filed? The affidavits and the oral testimony taken by the court present a case which might have been decided for either party. While perhaps this court would not have reached the same result on this evidence were it sitting as a fact-finding body, the decision reached by the lower court is not so arbitrary that it must be set aside. Where a decision of a lower court sitting as a fact-finding body is one that may reasonably be reached on the basis of the evidence before it, that decision must be sustained on appeal.

"When a trial court has passed upon a question of fact on a motion, order to show cause, or other interlocutory proceeding, either upon oral or written evidence, its determination will not be reversed on appeal, unless it is palpably contrary to the evidence. In other words, when the evidence is such that it might reasonably induce different conclusions in different minds, the determination of the trial court thereon will be affirmed on appeal. * * * The trial court is much better able than the supreme court to determine the value of affidavits of attorneys." 1 Dunnell, Minn. Dig. (2 ed.) § 410.

This court cannot substitute its judgment for that of the lower court nor disturb its decision, in the absence of any showing that the court acted arbitrarily or without reasonable cause. The order of the trial court must be affirmed.

Order affirmed.

